IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41429

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 485 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 30, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DOUGLAS FLETCHER HARTMAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Douglas Fletcher Hartman pled guilty to two counts of felony injury to a child. Idaho Code § 18-1501(1). The district court sentenced Hartman to concurrent unified terms of six years, with a minimum period of confinement of three years on each count and retained jurisdiction. Following the period of retained jurisdiction, Hartman was placed on probation for a period of six years. Subsequently, Hartman admitted to violating several terms of the probation and the district court consequently revoked probation and ordered execution of the original sentence; however it retained jurisdiction for a second time and recommended Hartman complete a sex offender program. After a period of retained jurisdiction, the district court relinquished jurisdiction and ordered Hartman's original sentence executed without reduction.

1

Hartman appeals asserting that the district court abused its discretion by relinquishing jurisdiction without sua sponte reducing his sentence.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Hartman has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying the foregoing standards, and assuming Hartman can challenge the district court's failure to sua sponte reduce his sentence, we cannot say that the district court abused its discretion either in relinquishing jurisdiction or in ordering execution of Hartman's original sentence without modification. Therefore, the order relinquishing jurisdiction and directing execution of Hartman's previously suspended sentence is affirmed.